IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIE THOMAS KELLY, JR.,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    1:12CV1385
                                )
ROBERT C. LEWIS, et al.,        )
                                )
          Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Willie Thomas Kelly, Jr., previously submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Court struck that Complaint (Docket Entry 2) in a prior Order (Docket Entry 3) because Plaintiff failed to set out sufficient facts to state any claim for relief, did not name proper Defendants, and did not appear to have exhausted his administrative remedies as to his claims. However, because it appeared possible that Plaintiff could remedy these deficiencies, the Court allowed Plaintiff the opportunity to file another complaint. In response, Plaintiff filed a new Complaint (Docket Entry 6) naming a number of prison administrators or guards as Defendants and raising a host of allegations against them.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to the present case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Case 1:12-cv-01385-NCT-LPA   Document 7   Filed 07/01/13   Page 2 of 9

Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983). For the reasons that follow, most of the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff raises a number of different types of allegations which are randomly mixed and scattered throughout the factual portion of his Complaint to the point that it is not even clear which allegations Plaintiff intends to use as the basis for claims. The Complaint first appears to allege that Defendants are violating Plaintiff's right to adequate medical treatment because he needs a hip surgery which they refuse to provide. In order to state a claim for wrongful medical treatment under § 1983, Plaintiff would have to show that Defendants "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Plaintiff alleges that he had two hip surgeries in the past and that an unidentified "medical physician at central prison" told him he would need another. (Docket Entry 6, § V.) He also alleges that an unidentified physician, possibly the same physician, told him twice on April 20, 2010, that he would need surgery. Plaintiff later saw an orthopedic specialist who told him that he does not have "the recall hip [im]plant" and then told him the following month that he did not need surgery at that time. At most, Plaintiff's allegation amounts to a difference of opinion between doctors who examined him at different times. However, the latest medical opinion is that he does not currently need surgery. Plaintiff may disagree with this assessment, but that is not sufficient to state any

claim for relief.  United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).  Plaintiff's current Complaint does not allege facts to support a claim that prison officials are being deliberately indifferent to any serious medical need regarding his hip.

Plaintiff next appears to allege that some Defendants have threatened him with disciplinary charges if he did not hurry or comply with directions and that they also threatened physical harm and called him a punk on one occasion.  Even if true, these allegations do not rise to the level of violations of Plaintiff's constitutional rights because "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." Wilson v. McKeller, 254 F. App'x. 960, 961 (4th Cir. 2007) (citing cases).  Plaintiff alleges absolutely nothing beyond "mere threats or verbal abuse."  Therefore, he fails to state a claim for relief.

Plaintiff also alleges that some Defendants violated his rights by destroying evidence and taking his legal cases or notes.  These allegations come closest to claiming denial of access to the courts.  However, Plaintiff sets out "'no specific problem he wished to research and ... no actual injury or specific harm which has resulted to him by his limited access to'" legal materials.  Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993) (quoting Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir.1987)).  Also, "[m]ost federal courts of appeals have imposed an 'injury' requirement on prisoners raising access to courts claims."  Id. at 1383 n.10 (citing cases).  Plaintiff alleges no actual injury and has accessed this Court through multiple filings.  Therefore, his access to the courts claim should be dismissed.

Plaintiff next includes allegations that his prison grievances were destroyed or mishandled. These allegations do not state a claim for relief because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State).

In multiple places in the Complaint, Plaintiff mentions a lack of safety rails in the shower. It is not entirely clear that he intends to raise a claim based on this fact. However, to the extent that he does, he sets out no facts sufficient to state a viable claim by demonstrating that such rails are needed or that a lack of safety rails violates his constitutional rights.

Plaintiff makes allegations of interference with his religious rights. He states at one point that guards sent a religious book "home" and at another point that a prison Chaplain once told him that he could not invite anyone to a religious service. A prison cannot substantially burden an inmate's exercise of his religion unless the burden in question is the least restrictive means of furthering a compelling government interest; however, a burden is not substantial unless it "'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)). Plaintiff makes no allegations to support a claim that Defendants placed this level of burden on him.

Also, his allegations are nothing more than the sort of bare bones allegations that do not state a claim for relief.

Plaintiff's next set of allegations involves the prison disciplinary process. He makes various claims regarding false allegations against him, wrongful convictions, violations of his right to witnesses, and a refusal to allow him to plead guilty. Attached to his Complaint are two exhibits, Exhibits E and F, which deal with certain prison disciplinary proceedings which Plaintiff appears to question in his Complaint. As with all of his claims, Plaintiff's allegations are scattered, rambling, and conclusory. However, the Court notes that Plaintiff lost good time credits as a result of the proceedings he challenges. Because Plaintiff's claims would result in the restoration of good-time credits, his allegations are not proper under § 1983. Instead, he must request the proper forms and file a habeas action under 28 U.S.C. § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)).

Plaintiff also raises various vague allegations concerning his cell conditions at different times. He states at various points and without further explanation that he was housed for a time in a cell with "black smut" on the walls, that the ventilation system has been making a loud sound, and that "water leaking above [an] active circuit put[s] everyone at serious wrist [sic] [of] death." (Docket Entry 6, § V.) He also states at an one point that

he was held in his cell for two weeks without even a shower, but them immediately contradicts that statement by alleging that he was handcuffed while in the shower. (Id.) As the United States Court of Appeals for the Fourth Circuit has stated regarding prison conditions, "[t]o succeed on an Eighth Amendment 'cruel and unusual punishment' claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir 1998)(citing cases). Plaintiff's Complaint falls short of alleging such a claim, but instead consists more of the "labels and conclusions" that fail to state a claim for relief under Twombly. Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). His allegations regarding cell conditions should, therefore, be dismissed.

Finally, Plaintiff raises a single allegation which, reading his Complaint broadly, raises a claim for relief. He states that, on September 14, 2012, he was "strucked" by a gang member named Reggie Cannon after Defendant C/O Bergman "pop[ped]" Plaintiff's door on Cannon's order and allowed Cannon to go out of the dorm to obtain a weapon while another correctional officer was away from his post. Because Plaintiff alleges that a correctional officer intentionally permitted an actual battery against his person, this allegation does state a claim for relief. The lawsuit should proceed on this claim and this claim alone.

There is one final matter. Plaintiff submitted an *in forma pauperis* request which still needs a ruling. A review of that request reveals that Plaintiff has sufficient deposits into his trust account so that § 1915(b)(1) requires that he make an initial payment of $13.20. Further

-7-

payments will also be ordered to continue until the filing fee is paid in full. Failure to comply with this Order will lead to dismissal of any surviving portion of the Complaint.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, except for the claim that Defendant Bergman actively allowed a gang member to assault Plaintiff with a weapon.

IT IS ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $13.20.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July, 2013, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until the undersigned Recommendation that most of the claims

be dismissed is ruled upon and Plaintiff has either (1) submitted to the Court the sum(s) noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for payment of the sum(s) noted above during the period since the entry of this Order and Recommendation.

This, the 1st day of July, 2013.

      /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**