**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| WILLIE THOMAS KELLY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1385 |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Motion for Leave to File an Amended Motion to Amend Witness (Docket Entry 20)[1] and for review pursuant to 28 U.S.C. § 1915A(a). For the reasons stated below, the undersigned Magistrate Judge accepts Plaintiff's Amended Complaint, but recommends dismissal without prejudice of all of Plaintiff's claims - except his claim against Defendant Bergman for actively allowing a gang member to assault Plaintiff with a weapon.[2]

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2004). In this case, the substance of Plaintiff's instant filing reflects a desire to submit an Amended Complaint (included with said filing) that adds numerous Defendants. (See Docket Entry 20.)

[2] At this stage of the proceedings, Plaintiff may amend his Complaint as a matter of course rather than with leave of court. See Fed. R. Civ. P. 15(a)(1). As a result, unlike with amendments subject to leave of court, the Court may not conduct a futility analysis. See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend."). The Amended Complaint, however, remains subject to review pursuant to 28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff, a prisoner in North Carolina, filed this action pro se in December of 2012 with an application to proceed in forma pauperis. (Docket Entry 1.) The Court granted Plaintiff in forma pauperis status, but required him to refile his action on proper Section 1983 forms. (Docket Entry 3.) Plaintiff subsequently complied and filed his Complaint. (Docket Entry 6.) Pursuant to 28 U.S.C. § 1915A, the undersigned Magistrate Judge reviewed the Complaint and recommended dismissal of all of Plaintiff's claims except against Defendant Bergman for actively allowing a gang member to assault Plaintiff with a weapon. (Docket Entry 7.) Plaintiff objected (Docket Entries 9, 11), but the Court (per Senior United States District Judge N. Carlton Tilley, Jr.) adopted that Recommendation (Docket Entry 12).

Shortly thereafter, Plaintiff filed a Motion to Amend his Complaint. (Docket Entry 14.) The undersigned Magistrate Judge informed Plaintiff, via Text Order, that the Federal Rules of Civil Procedure allowed amendment of his pleadings once as a matter of course without motion. (Text Order dated May 12, 2014.) That Text Order cautioned Plaintiff that any amended complaint would remain subject to review under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and must comply with the joinder requirements of Federal Rule of Civil Procedure 20 upon penalty of having all improperly joined defendants/claims dropped/severed under Federal Rule of Civil

Procedure 21.  (Id.)[3]   The undersigned Magistrate Judge also informed Plaintiff that he needed to complete a proper summons form for Defendant Bergman.  (Id.)

Plaintiff's instant Motion contains a mishmash of different papers, including summons forms for numerous new Defendants (as well as Defendant Bergman) (Docket Entry 20 at 6-34), and an Amended Complaint (id. at 35-50).  Plaintiff did not file his Amended Complaint on a Section 1983 form; rather, he wrote out how he would like his original Complaint amended (see id. at 1), and separately included his factual allegations (see id. at 35-49).

## ANALYSIS

The Court must review Plaintiff's Amended Complaint because it seeks redress from an employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the Court "shall . . . dismiss the [C]omplaint, or any portion of the [C]omplaint, if the [C]omplaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an

_____

[3] To assist Plaintiff, the undersigned Magistrate Judge directed the Clerk to send a copy of Federal Rules of Civil Procedure 15, 20, and 21 to Plaintiff.  (See Text Order dated May 12, 2014.)

arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490
U.S. 319, 325 (1989); <u>see also</u> <u>Nagy v. FMC Butner</u>, 376 F.3d 252,
256-57 (4th Cir. 2004) ("The word frivolous is inherently elastic
and not susceptible to categorical definition." (internal quotation
marks omitted)). Frivolous claims also include those based on
"indisputably meritless legal theor[ies] . . . ." <u>Adams v. Rice</u>,
40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted).

In regards to joinder, a plaintiff may join defendants in one
action if "(A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect to or
arising out of the same transaction, occurrence, or series of
transactions or occurrences; and (B) any question of law or fact
common to all defendants will arise in the action." Fed. R. Civ.
P. 20(a)(2). "Thus multiple claims against a single party are
fine, but . . . [u]nrelated claims against different defendants
belong in different suits . . . ." <u>George v. Smith</u>, 507 F.3d 605,
607 (7th Cir. 2007). In <u>George</u>, the Seventh Circuit reviewed an
appeal from a case where a prisoner had sued twenty-four defendants
for approximately fifty different claims. <u>Id.</u> Pertinent to the
matter now before this Court, the Seventh Circuit faulted the
district court in that case for failing to address the prisoner's
gross misjoinder of claims and defendants. <u>Id.</u>

As the Seventh Circuit noted, preventing unrelated claims
against unrelated defendants not only serves the requirements of

Rule 20, but also furthers the goals of the Prison Litigation Reform Act ("PLRA"). <u>Id.</u> Congress enacted the PLRA to limit the number of meritless lawsuits by prisoners. <u>See</u> <u>McLean v. United States</u>, 566 F.3d 391, 397 (4th Cir. 2009). The PLRA limits a prisoner to three strikes before requiring full prepayment of fees upon the filing of a case "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. 1915(g). A prisoner accrues a strike when, "while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." <u>Id.</u> Plaintiff's Amended Complaint undermines the three-strikes rule by combining several unrelated claims in one case, such that no strike would accrue even if all but one claim fails as a matter of law. <u>See</u> <u>Tolbert v. Stevenson</u>, 635 F.3d 646, 651 (4th Cir. 2011) (requiring dismissal of entire suit for strike to accrue); <u>see also</u> <u>George</u>, 507 F.3d at 607 ("[Plaintiff] was trying not only to save money but also to dodge [the PLRA's three-strikes] rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no 'strikes' at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.").

In this case, the Court had previously dismissed all of Plaintiff's claims except his claim that Defendant Bergman actively

allowed a gang member to assault Plaintiff with a weapon. (Docket Entry 12.) Plaintiff's Amended Complaint contains entirely new allegations completely unrelated to that surviving claim. For example, Plaintiff alleges: that his dorm flooded with bodily waste (Docket Entry 20 at 35-36); that authorities kept him in his cell for two weeks straight (id. at 43); and that a guard directed profanity at him (id. at 47). Such unrelated events represent just a few snippets from the Amended Complaint. (See id. at 35-50.) In other words, the Amended Complaint generally contains unrelated and discrete claims against different prison guards and officials. Plaintiff's claims against Defendants do not arise "out of the same transaction, occurrence, or series of transactions or occurrences[,]" and no "question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2).

"[J]oin[ing] disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA." Showalter v. Johnson, No. 7:08cv000276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Plaintiff blatantly flouted the requirements of Rule 20, as well as the specific warning the undersigned Magistrate Judge gave him (see Text Order dated May 12, 2014). Plaintiff knew that he needed to abide by Rule 20 or face the dropping/severing of defendants/claims pursuant to Rule 21. (Id.) Plaintiff's attempt to join these claims and Defendants thus "lacks an arguable basis [] in law," Neitzke, 490 U.S. at 325. In light

of Plaintiff's knowing violation of Rule 20, <u>George</u>'s persuasive analysis, and the grossness of Plaintiff's misjoinder, the undersigned Magistrate Judge deems Plaintiff's Amended Complaint frivolous (except as to the previously stated claim against Defendant Bergman) and concludes that to find otherwise would violate the "spirit of the PLRA," <u>Showalter</u>, 2009 WL 1321694 at *4.

## CONCLUSION

Plaintiff attempted to skirt the requirements of Rule 20 and the PLRA by shoehorning unrelated claims and Defendants into one action. Plaintiff's Amended Complaint should only go forward on his claim that Defendant Bergman actively allowed a gang member to assault Plaintiff with a weapon. To accomplish the needed dropping/severing of Defendants/claims in an efficient manner, the Court should dismiss all other claims in the Amended Complaint without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Docket Entry 20) is **ACCEPTED** pursuant to Federal Rule of Civil Procedure 15(a)(1). The Clerk is directed to prepare and to issue a summons as to Defendant Bergman using the mailing address provided for him by Plaintiff (<u>see</u> Docket Entry 20 at 19), but the summons shall exclude reference to any attorney listed by Plaintiff, given the absence of an appearance by any such attorney on Plaintiff's behalf. The United States Marshals Service shall

serve the Summons, Complaint, Amended Complaint, and this Recommendation on Defendant Bergman.

**IT IS RECOMMENDED** that all claims in Plaintiff's Amended Complaint (Docket Entry 20) be dismissed without prejudice to their re-filing in proper, separate actions, with the sole exception that Plaintiff's claim against Defendant Bergman for actively allowing a gang member to assault Plaintiff with a weapon may proceed in this action.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**

October 16, 2014