**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WILLIE THOMAS KELLY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12cv1385 |
| ) | |
| ROBERT C. LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's "Motion for Appointment of Counsel" (Docket Entry 74) (the "Appointment Motion") and "Motion to Alter o[r] Amend — the Judgement Rule 59(e)" (Docket Entry 75) (the "Amendment Motion," and collectively with the Appointment Motion, the "Motions").[1] For the reasons that follow, the Court will deny the Appointment Motion and should deny the Amendment Motion.

**Introduction**

On January 24, 2017, the Court (per the undersigned United States Magistrate Judge) recommended dismissal of Plaintiff's lawsuit for failure to exhaust administrative remedies. (See Docket Entry 64.) Plaintiff timely objected to this Recommendation. (See Docket Entry 66 at 2-4 (explaining that, due to the side effects of various medications, Plaintiff mistakenly

---

    1  For legibility purposes, this Opinion uses standardized
capitalization in all quotations from Plaintiff's materials.

believed that he had exhausted his remedies, and asking "that the Magistrate Judge reconsider his opinion and recommendation and find in a more favorable light in the Plaintiff[']s behalf and not grant the Defendant[']s motion for summary judgement").)[2] Thereafter, on March 27, 2017, the Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered (i) an Order adopting the Recommendation and granting Defendant's motion for summary judgment (Docket Entry 68) and (ii) a Judgment dismissing this action with prejudice (Docket Entry 69). The following week, Plaintiff filed the Motions. (See Docket Entry 74 at 1-2; Docket Entry 75 at 1, 5.)

**Appointment Motion**

Through the Appointment Motion, Plaintiff asks the Court to appoint specified counsel. (See Docket Entry 74 at 1.) In support of this request, the Appointment Motion explains that "1.) Plaintiff is unable to afford counsel . . .[,] 2.) Plaintiff[']s imprisonment will greatly limit his ability to litigate," and "3.) A trial in this case will likely invol[v]e conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witness[es]." (Id.) In September 2014 and April 2015, Plaintiff sought appointment of counsel on those same grounds. (See Docket Entry 19 at 1; Docket

---

2 Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

Entry 36 at 1.) As the Court previously explained, those grounds failed to justify appointment of counsel even while the case remained ongoing. (See Text Order dated Oct. 1, 2014.) Particularly given the Amendment Motion's lack of merit (as discussed below), those grounds clearly fail to justify appointment of counsel now, following the dismissal of this action. Accordingly, the Court will deny the Appointment Motion.

## **Amendment Motion**

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). As such, the Court may amend a final judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. As the United States Court of Appeals for the Fourth Circuit has explained, Rule 59(e)

> permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party

> must produce a legitimate justification for not presenting the evidence during the earlier proceeding.

Id. (internal quotation marks and citations omitted).

Here, Plaintiff seeks leave to "amend[] his complaint to change the Honorable Judge['s] Decision on Dismissal under Federal Rules of Civil Procedure Rule 59(e)." (Docket Entry 75 at 1.) Specifically, "Plaintiff would like to sue Defendant in his individual capacity" (id. at 2 (emphasis omitted)) and exhaust administrative remedies on such claim, perhaps with the Court's assistance (see id. at 4 ("I can send you a copy of the Grievance and you can personally ask them to process . . . .")). (See id. at 4 ("I can sue defendants in these [sic] individual capacity and exhaust remedies if they will allow that.").) In making such request, Plaintiff asserts "that every attempt at following[] the Administrative Remed[i]es[] . . . was met with resist[ance] either not processing the Grievance, and or th[r]owing it away." (Id. at 1 (emphasis omitted).) In addition, Plaintiff maintains that "[he] could not report the incident because it would have further put [his] life in danger . . . and [he] would of been[] label[ed] as a snitch." (Id. at 2 (emphasis omitted).)

Plaintiff's arguments do not satisfy the standards for Rule 59(e) amendment. To begin with, Plaintiff's arguments rely on information he possessed prior to the Court's entry of judgment, and thus fail to qualify as new, previously unavailable evidence. Moreover, Plaintiff cannot now contend that alleged difficulties

4

with the grievance process excused his failure to grieve the September 2012 incident that gave rise to this litigation. See Pacific Ins., 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment . . . ."). Finally, it bears noting that Plaintiff's proposed solution for his failure to previously exhaust administrative remedies cannot succeed, as a grievance filed in 2017 regarding an incident in 2012 qualifies as untimely under the Administrative Remedy Procedure of the North Carolina Department of Public Safety. (See Docket Entry 64 at 9, 19; see also Docket Entry 53 at 7.) Therefore, Plaintiff's requested amendment qualifies as futile. Under these circumstances, the Court should deny the Amendment Motion.

## Conclusion

Plaintiff has not shown entitlement to either appointment of counsel or Rule 59(e) relief.

**IT IS THEREFORE RECOMMENDED** that the Amendment Motion (Docket Entry 75) be denied.

**IT IS FURTHER ORDERED** that the Appointment Motion (Docket Entry 74) is **DENIED.**

This 10th day of May, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**